## Case No. 17,490.

### In re WHEELER et al.

[18 N. B. R. 385; 26 Pittsb. Leg. J. 84.] [1]

District Court, S. D. New York. Sept. 20 1878.

BANKRUPTCY—ASSIGNEE'S LIABILITY FOR RENT—
EXECUTION—LIENS.

1. Where the marshal kept some of the property seized by him on premises which had been leased by the bankrupt, *held*, that the landlord was entitled to nothing by virtue of the covenants of the lease unless the assignee elected to take the lease and thereby became in fact the assignee thereof: that the estate was liable to the landlord before the appointment of the assignee, not on the ground of contract, but upon equitable considerations, for a benefit conferred upon the estate, and the allowance is to be measured by the benefit thus conferred; ordinarily it is the value of the premises for storage of the goods, unless the circumstances are such as to make a greater expense proper.

2. An execution against the bankrupts was placed in the hands of the marshal previous to the commencement of the bankruptcy proceeding. *Held*, that this created a lien in the creditor's favor which is not affected by the bankruptcy. that it was immaterial whether the goods were the property of one of the partners individually or of the firm jointly, and that such lien is superior to that of the marshal for his charges in the proceedings other than those charges which relate to the goods upon which the lien attaches.

3. A judgment creditor does not acquire a lien protected under the bankrupt law by commencing proceedings supplementary to execution; until the appointment of a receiver, his right is not a lien within the meaning of the bankrupt law [of 1867 (14 Stat. 517)].

[In the matter of George M. Wheeler and W. Bailey Lang, bankrupts.]

J. F. Miller, for assignee.

T. M. Wheeler and Wm. Tracy, for landlord.

C. W. Bangs, for execution creditor.

CHOATE, District Judge. This is a motion to confirm the report of the register as to the disposition to be made of certain funds in the hands of the marshal. They are claimed by the assignee of the bankrupts as belonging to the general estate of the bankrupts, and by John Sedgwick, assignee of another bankrupt, as the proceeds of property on which he had acquired a specific lien prior to the bankruptcy, and a claim is made against them by the landlord of the premises in which some of the property was held by the marshal, this claim being for rent or the use and occupation of the premises.

1. As to the claim of the landlord, the register has allowed him for the use and occupation of the premises by the marshal eleven hundred and twenty-five dollars for four months' occupation, being at the rate of the rent stipulated for in the existing lease between the bankrupts and the landlord. This is error. The landlord is entitled to nothing by virtue of the covenants of the lease, unless the assignee elects to take the lease and thereby becomes, in fact, assignee of the lease. The estate is liable to the landlord before the appointment of an assignee, not on the ground of contract, but upon equitable considerations for a benefit conferred upon the estate, and, the allowance to be made is measured by the benefit thus rendered, and ordinarily it is the value of the premises for storage of the goods, unless the circumstances are such as to make a greater expense than for storage proper, either for present or future purposes of sale, or for some other purpose. In re Lucius Hart Manuf'g Co. [Case No. 8,592]. This part of the report must therefore be set aside. The question of the benefit to the estate has not been tried nor determined.

2. It is admitted that Sedgwick, assignee, as execution creditor of Wheeler & Lang, had a lien by levy of execution, prior to the commencement of the bankruptcy proceeding. on a part of the goods which the marshal has sold under direction of the court, the net proceeds of which are three hundred and eighty-eight dollars. This claim is now conceded by all parties.

3. It is also clear that Sedgwick, assignee, is entitled to the further sum of seven hundred and ninety-three dollars and eighty-four cents, the proceeds of personal property, office furniture, etc., which were in the possession

---

[1] [Reprinted from 18 N. B. R. 385, by permission. 26 Pittsb. Leg. J. 84, contains only a partial report.]

of one of the bankrupts at the commencement of the bankruptcy proceedings. An execution against the bankrupts had been previously put into the hands of the marshal. This has been held to create a lien in his favor which is not affected by the bankruptcy. In re Hull [Id. 6,857]. It is not material whether the goods were the property of Wheeler or of Wheeler & Lang jointly. They were in either case bound by the execution except as against bona fide purchasers, and the proceedings for the conversion of the goods into money have been without prejudice to the rights of the execution creditor.

4. The rest of the money in the hands of the marshal is the proceeds of the collection of accounts. The execution creditor claims a lien thereon by virtue of proceedings supplementary to execution, which were commenced prior to the bankruptcy, but which never proceeded to the appointment of a receiver, because of the filing of the petition in bankruptcy and the injunction issued thereon restraining the further proceedings under the execution. This claim must be disallowed. It has been repeatedly held, as I understand in this court, that a judgment creditor does not acquire a lien protected under the bankrupt law by commencing proceedings supplementary to execution; that until the appointment of a receiver his right, though described as an inchoate lien (16 N. Y. 544), is not a lien within the meaning of the bankrupt law.

5. The judgment creditor claims that some part of the accounts collected were the proceeds of the sale of goods in possession of the bankrupts, or one of them, at the commencement of these proceedings in bankruptcy, and afterward sold by Wheeler, one of the bankrupts, in violation of the terms of the injunction of this court. If this is so, it would seem that the lien of the execution which attached to those goods would attach to their proceeds now in the hands of the marshal. But on this point the register has not reported, and the matter must be referred back for further testimony, if desired, and for a further report as to the sources from which the remaining moneys, one thousand six hundred and twenty-one dollars and thirty-six cents, were derived.

6. The claim of the judgment creditor, by virtue of his specific lien under the execution is superior to that of the marshal for his charges in the bankruptcy proceedings other than those charges which relate to the goods upon which the lien attaches. His charges for service of warrant, etc., must come out of the funds belonging to the general estate of the bankrupt, and not out of the goods on which the judgment creditor has a lien. Report referred back for further proceedings before the register.

[For hearing on an application for the discharge of George M. Wheeler, see 5 Fed. 299.]